Lenard E. Schwartzer, Esq.
Nevada Bar No. 0399
Jason A. Imes, Esq.
Nevada Bar No. 7030
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas NV  89146-5308
Telephone:     (702) 228-7590
Facsimile:     (702) 892-0122
E-Mail:          bkfilings@s-mlaw.com
*Proposed Attorneys for Yvette Weinstein, Trustee*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re<br><br>ASHOK EM SUDHAKAR<br>aka ASHOK SUDHAKAR,<br><br>Debtor. | Case No.  BK-S-11-10976-MKN<br>Chapter 7<br><br>**OBJECTION TO CLAIMS OF EXEMPTION**<br><br>Date:  May 6, 2011<br>Time: 11:00 a.m. |
|---|---|

COMES NOW Yvette Weinstein, Chapter 7 Trustee (the "Trustee"), by and through her proposed counsel, Schwartzer & McPherson Law Firm, and hereby objects to Debtor's claimed exemption of his interest in his firearm collection and photographic equipment. This objection is made and based upon 11 U.S.C. §522, NRS 21.090, FRBP 4003(b), Local Rule 4003, and the following:

### A.     FIREARM COLLECTION PURSUANT TO NRS §21.090(1)(d)

1.     On Schedule C [Dkt. #18] (attached as **Exhibit "1"**), Ashok Sudhakar (the "Debtor"), claims certain firearms exempt pursuant to NRS §21.090(1)(d). Debtor has given a value of $1,775.00 for these firearms which are described by Debtor as an HK-91, an AK-47, a Walther PPS, a Glock 9mm, a Walther 9mm and a shotgun. No further descriptive details are given for the firearms.

///

2. NRS §21.090(1)(d) is typically referred to as the "tools of the trade" exemption and allows a debtor to exempt:

> Professional libraries, equipment, supplies, and the tools, inventory, instruments and materials used to carry on the trade or business of the judgment debtor for the support of the judgment debtor and his or her family not to exceed $10,000 in value.

3. At Debtor's 341 Meeting of Creditors, Debtor indicated that the "tools of the trade" exemption for the firearm collection was appropriate because the firearms are going to be used for research and development for a new business venture.

4. There is no evidence, however, that the firearms were being used by Debtor as of the petition date "for the support of the judgment debtor and his or her family."

5. When analyzing the §21.090(1)(d) tools of the trade exemption, this Court has noted that the alleged trade or profession must have actually contributed to the support of the debtor and his family to a reasonable and meaningful extent. In re Kolsch, 58 B.R. 67, 70 (Bankr.D.Nev.1986). The Ninth Circuit Bankruptcy Appellate Panel has reiterated the holding from Kolsch and stated:

> The court must require at a minimum that the claimed trade or profession have actually contributed to the support of the debtor and his family to some reasonable and meaningful extent in the past. In the absence of this past history of support, or where the debtor has ceased using the property claimed as exempt, the court must require that the debtor demonstrate a reasonable and realistic prospect of using the property to earn his living in the future.

In re Breen, 123 B.R. 357, 360 (9th Cir.BAP 1991).

6. While the Debtor has alleged an intent to use the firearms to develop a future business enterprise, he has not <u>demonstrated</u> that this is anything more than an attempt to exempt a valuable firearm collection. Debtor's tax returns do not indicate any deduction for expenses related to the firearms.

7. Additionally, the descriptions of these firearms are not sufficiently specific for valuation purposes (such as simply listing "shotgun"), and the Trustee's investigation indicates the value given by Debtor for this particular firearm collection ($1,775.00) is substantially below its

1  actual value, even in liquidation. The Trustee has requested an appropriate appraisal of the
2  collection and is awaiting Debtor's response.

### B. NIKON D3x CAMERA PURSUANT TO NRS §21.090(1)(a)

8. On Schedule C (attached as **Exhibit "1"**), the Debtor lists a "Nikon DX 3" camera as exempt pursuant to NRS §21.090(1)(a), and lists the value of his camera at $1,500.

9. NRS §21.090(1)(a) allows the exemption of the following:

> Private libraries, works of art, musical instruments and jewelry not to exceed $5,000 in value, belonging to the judgment debtor or a dependent of the judgment debtor, to be selected by the judgment debtor, and all family pictures and keepsakes.

10. Since this camera is not a private library, work of art, musical instrument, or jewelry, it may not be exempted under this statute.

11. As an additional matter, the Trustee's investigation indicates Debtor's scheduled value for this high-end camera ($1,500) is substantially below its actual value, even in liquidation. The Trustee has requested an appropriate appraisal of the camera and is awaiting Debtor's response.

### CONCLUSION

The Trustee therefore objects to the claimed exemption of Debtor's firearm collection pursuant to NRS §21.090(1)(d), and Debtor's Nikon D3x camera pursuant to NRS §21.090(1)(a), and asks that these claimed exemptions be disallowed.

DATED:    March 28, 2011.

Lenard E. Schwartzer, Esq.
Jason A. Imes, Esq.
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas NV  89146-5308
*Attorneys for Yvette Weinstein, Trustee*

# EXHIBIT "1"

B6C (Official Form 6C) (4/10)

In re **Ashok Em Sudhakar** , Case No. _____
                     Debtor

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under: ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)  $146,450. *(Amount subject to adjustment on 4/1/13, and every three years thereafter*
☐ 11 U.S.C. §522(b)(2)  *with respect to cases commenced on or after the date of adjustment.)*
■ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---:|---:|
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| Citibank NRI account #4226 India account | Nev. Rev. Stat. § 21.090(1)(z) | 1,000.00 | 2,000.00 |
| **Household Goods and Furnishings** | | | |
| households goods and furniture | Nev. Rev. Stat. § 21.090(1)(b) | 2,000.00 | 2,000.00 |
| **Books, Pictures and Other Art Objects; Collectibles** | | | |
| Professional Books | Nev. Rev. Stat. § 21.090(1)(a) | 500.00 | 500.00 |
| **Wearing Apparel** | | | |
| Clothing and shoes | Nev. Rev. Stat. § 21.090(1)(b) | 2,000.00 | 2,000.00 |
| **Furs and Jewelry** | | | |
| jewelry | Nev. Rev. Stat. § 21.090(1)(a) | 500.00 | 500.00 |
| **Firearms and Sports, Photographic and Other Hobby Equipment** | | | |
| HK-91; AK-47; AR-1.5; Walther PPS; Glock 9mm; Walther 9mm; shotgun | Nev. Rev. Stat. § 21.090(1)(d) | 1,775.00 | 1,775.00 |
| NIKON DX 3 Location: 7500 W. Lake Mead Blvd., #942, Las Vegas NV 89128 | Nev. Rev. Stat. § 21.090(1)(a) | 1,500.00 | 1,500.00 |
| **Other Personal Property of Any Kind Not Already Listed** | | | |
| Drums | Nev. Rev. Stat. § 21.090(1)(a) | 300.00 | 300.00 |
| | Total: | 9,575.00 | 10,575.00 |

__0__ continuation sheets attached to Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                                              Best Case Bankruptcy